FILED
U.S. DISTRICT COURT
W.D.N.Y. BUFFALO

2006 AUG 14  AM 11: 58

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LEE JAMES HECKMAN, 05B1741,

        Plaintiff,

    -v-

**DECISION and ORDER**
06-CV-6361Fe

WILLARD CORRECTIONAL FACILITY and
DI MEDEANA

        Defendants.

---

## INTRODUCTION

Plaintiff, Lee James Heckman, an inmate of the Five Points Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1), and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff claims that the defendants, Willard Correctional Facility and DI Medeana, violated his rights by failing for over 8 months to adequately treating the pain in his right big toe. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, but unless he files an amended complaint as directed below, his complaint will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of Title 28 of the United States

Code require this Court to conduct an initial screening of this complaint. In evaluating the complaint, this Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957); *see also Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct[:] (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, this Court finds that plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b), because they fail to state a claim upon which relief may be granted.

There are several problems with plaintiff's claim that he has been denied medical care, which compel dismissal. First, to show that prison medical treatment was so inadequate as to amount to "cruel or unusual punishment" prohibited by the Eighth Amendment, plaintiff must prove that defendants' actions or omissions amounted to "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed.2d 251 (1976); *Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) ("A serious medical condition exists where 'the failure to treat a prisoner's condition

2

could result in further significant injury or the unnecessary and wanton infliction of pain.'" (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)). As the Supreme Court explained in *Wilson v. Seiter*, 501 U.S. 294, 298-99, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991), this standard includes both an objective and a subjective component.

With respect to the objective component, this Court must determine whether there has been a sufficiently serious deprivation of the prisoner's constitutional rights. With respect to the subjective component, this Court must determine whether the deprivation was brought about by defendants in wanton disregard of those rights. *Id.* To establish deliberate indifference, therefore, plaintiff must prove that the defendants had a culpable state of mind and intended wantonly to inflict pain. *See Wilson*, 501 U.S. at 299, 111 S.Ct. 2321; *DesRosiers v. Moran*, 949 F.2d 15, 19 (1st Cir. 1991); *Steading v. Thompson*, 941 F.2d 498, 500 (7th Cir. 1991), *cert. denied*, 502 U.S. 1108, 112 S.Ct. 1206, 117 L.Ed.2d 445 (1992); *Ross v. Kelly*, 784 F.Supp. 35, 44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040, 113 S.Ct. 828, 121 L.Ed.2d 698 (1992).

"A [prisoner's] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106, 97 S. Ct. 285. Rather, the plaintiff must allege conduct that is "repugnant to the conscience of mankind," *id.* at 102, or "incompatible with the evolving standards of decency that mark the progress of a maturing society." *Id.* at 105-06. Accordingly, allegations of malpractice do not state a

constitutional claim. *Id.*, 429 U.S. at 106 and n. 14, 97 S. Ct. 285; *Chance*, 143 F.3d at 703-04; *Ross*, 784 F.Supp. at 44.

Likewise, an inmate's "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance*, 143 F.3d at 703; *see also Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977) (holding that "[t]he courts will not intervene upon allegations of mere negligence, mistake or difference of opinion"); *Massey v. Hutto*, 545 F.2d 45, 46 (8th Cir. 1976) (affirming dismissal of inmate's Eighth Amendment claim where evidence showed that "[t]o the extent that [the plaintiff] is not receiving the treatment he desires, his complaint reflects a mere disagreement over proper medical care"); *United States ex rel. Hyde v. McGinnis*, 429 F.2d 864 (2d Cir. 1970) (affirming dismissal of an inmate's complaint alleging Eighth Amendment violations, because entire basis of his claim was his disagreement with the prison doctor's professional judgment). Nor can the same standards of medical care be imposed upon a prison as those expected of a hospital. *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986).

On the other hand, a prisoner's allegation that he experienced serious physical pain over an extended period of time can rise to the level of a sufficiently serious medical condition under the Eighth Amendment. *See Chance*, 143 F.3d at 702-703 (holding that allegations of severe tooth pain for at least six months stated a claim for a sufficiently serious medical condition under the Eighth Amendment); *Hathaway v. Coughlin*, 37 F.3d 63, 67 (2d Cir. 1994) (holding that severe hip pain over an extended period was sufficiently

serious condition); *Bryant v. Artuz*, No. 96 Civ. 3274, 1998 WL 24360, at *2 (S.D.N.Y. Jan. 23, 1998) (holding that prisoner's severe back pain following disc surgery was a sufficiently serious enough medical condition to survive a motion for summary judgment).

For the purposes of this initial review, Plaintiff has sufficiently alleged that he had serious medical needs. With regard to the second prong of the denial of medical care analysis, however, plaintiff has failed to allege that defendants were deliberately indifferent to those serious medical needs. Nonetheless, this Court will permit plaintiff to file an amended complaint, which sets forth the necessary allegations regarding defendant's deliberate indifference. *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) (reasoning that "[s]parse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (stating that leave to amend "shall be freely given when justice so requires"). In amending his complaint, Plaintiff must: (1) explain why the efforts that have been made to diagnose and treat his foot condition demonstrate the deliberate indifference to his serious medical needs, rather than inadequate care or mere negligence; and (2) name the individual defendants and state what each individual did or did not do, which demonstrated his or her deliberate indifference.

Second, plaintiff has named Williard Correctional Facility and one of its employees as a Defendant in this action. The Eleventh Amendment bars federal court claims against states, absent their consent to such suit or an express statutory waiver of immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100, 104 S.Ct. 900, 79

L.Ed.2d 67 (1984). This Eleventh Amendment bar extends to agencies and officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). That is, "[a]n official arm of the state," such as a state agency, "enjoys the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself." *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71; *Gaby v. Bd. of Tr. of Cmty. Tech. Colleges*. 348 F.3d 62, 63 (2d Cir. 2003). Consistent with the foregoing, the claim against the Willard Correctional Facility, a state agency, must be dismissed. Moreover, Plaintiff may only sue the individual employee, DI Medeana, if Plaintiff alleges with sufficient particularity how this person was personally involved in denying him medical care.

Third, although Plaintiff's complaint arises from his medical treatment at Willard Correctional Facility, he is currently housed at Five Points Correctional Facility. It is well settled "in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility." *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996). If Plaintiff seeks to compel medical treatment at Five Points Correctional, he must, in amending his complaint, name as a defendant an individual who responsible for rendering medical care at that facility.

Lastly, in amending his complaint, Plaintiff must set forth what he has done to resolve his medical grievance through administrative channels, and indicate that he has exhausted the available administrative remedies.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), unless he files an amended complaint by **September 15, 2006.** The amended complaint must include the necessary allegations as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to *completely replace* the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, *Vesco & Co., Inc. v. Int'l Controls Corp.*, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). *See* 28 U.S.C. § 1915(g).

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by **September 15, 2006**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank 42 U.S.C. § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **September 15, 2006**, the complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **September 15, 2006**, the Clerk of the Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **September 15, 2006**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith

and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: 2/13, 2006
Buffalo, New York

WILLIAM M. SKRETNY
United States District Judge