-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

LEE JAMES HECKMAN,

        Plaintiff,

    -v-                                **DECISION AND ORDER**
                                            06-CV-6361Fe

D I MEDEANE,

        Defendant.

───────────────────────────────

    Plaintiff has filed a *pro se* complaint under 42 U.S.C. § 1983 and has requested appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). This Court is required to see that all litigants receive proper representation of counsel under the criteria set forth in Cooper v. A. Sargenti Co., 877 F.2d 170 (2d Cir. 1989), and Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986). In addition, courts have the inherent authority to assign counsel to represent private indigent litigants. See In re Smiley, 36 N.Y.2d 433, 438 (1975).

    More importantly, each lawyer — especially those who are admitted to practice in federal court and who therefore are in a position to reap the benefits of such practice — has an ethical obligation under the Code of Professional Responsibility to provide *pro bono* services for the poor. New York Code of Professional Responsibility, Canon 2, EC 2-16; EC 2-25. "Every lawyer, regardless of professional prominence or professional workload, should find time to participate in serving the disadvantaged." EC

2-25. In addition, Rule 83.1(g) of the Local Rules of Civil Procedure provides as follows:

> Every member of the bar of this Court shall be available upon the Court's request for appointment to represent or assist in the representation of indigent parties. Appointments under this rule shall be made in a manner such that no attorney shall be requested to accept more than one appointment during any twelve month period.

It is in this spirit that the Court assigns Kevin J. Mulvehill, Esq., of Phillips Lytle LLP, 1400 First Federal Plaza Rochester, New York 14614, *pro bono*, to faithfully and diligently represent plaintiff in this case.

The Clerk of the Court is directed to copy that portion of the file in this matter that is not currently available through PACER on the Court's Case Management/Electronic Case Management System and send it to Kevin J. Mulvehill, Esq., together with a copy of this order and the Guidelines Governing Reimbursement from the District Court Fund of Expenses Incurred by Court Appointed Counsel.[1] The Chief Judge of the Court will also issue an Order directing PACER to waive its fees so pro bono counsel can access and print at no cost to him or his firm any other documents filed

---

[1] This information and the forms are also available on the Court's web site at the Attorney Information link from the home page located at: http://www.nywd.uscourts.gov/document/fundreimbvoweb.pdf.

herein that he may need. Plaintiff's attorney is directed to contact the Court by **January 9, 2009** to request a date for a status conference to discuss further proceedings in the case.

**IT IS SO ORDERED.**

_____
JONATHAN W. FELDMAN
UNITED STATES MAGISTRATE JUDGE

Dated:  12/5, 2008
Rochester, New York